Thank you, Your Honor. May it please the Court, Alina Schell, Assistant Federal Public Defender for the District of Nevada, on behalf of Mr. Christopherson. Your Honors, the initial question that this Court has to answer is whether Mr. Christopherson has preserved his claim that he was entitled to a good faith instruction in his prosecution for tax evasion. This was an issue raised by the government in its answering brief. And I believe that the answer to that question is yes. Now, certainly, as the government and I both know, the instruction that Mr. Christopherson requested did not follow the model instruction recommended by this circuit and was grammatically a little questionable. However, the discussion surrounding the good faith instruction demonstrates that it's been preserved for this Court. What this circuit has said is that so long as the argument demonstrates that the record demonstrates that the argument was specific enough to bring into focus the precise nature of the error, then that's enough to preserve it for a de novo review in this case. And when you look at the record, when Mr. Christopherson's prior counsel first proposes the jury instruction, the Court says, well, there's some suggestion here by reference to Cheek that this is you're good faith, an instruction on the good faith misunderstanding of the law. And the discussion ensued that during settling of arguments, they discussed it again. And it's clear that what was asked for in this case was a good faith instruction. The pattern, standard instruction? No, it was not the standard instruction, Your Honor. What was it? The instruction was it's Not the first instruction, because everybody, I think, agrees that is by and by. But what instruction should the judge have given? Your Honor, he should have given an instruction consistent with the model instruction from the circuit 9.42, which is a supplement to the, there's a typical willfulness instruction, and then there's supplementary language about what a good faith misunderstanding was. OK, I'm with you. OK. And in this case, I think there is evidence sufficient to support a good faith instruction. Mr. Christopherson was being prosecuted, well, the story took place over about a period of six years, where Mr. Christopherson was trying to settle these taxes that he owed for unemployment taxes, personal income taxes, and employment taxes. At some point during this back and forth with the IRS over what he owed and how he was going to pay for it, the IRS began levying his accounts. And at page 620 of the trial transcripts, Mr. Christopherson, who testified on his own behalf in this case, stated that he didn't have access to the funds in his trust account that he was using to operate his business because it had been levied by the IRS. And he said, later on, at page 649 of the transcript, he started talking about, look, I was put in a position where I had two choices here. I could either not be able to pay my bills and go out of business, or I could open up this nominee account in Montana to start paying for my operating expenses. And he testified, again, at 649 in the transcript, I didn't understand that I was violating the law when I did this. This instruction in this case is particularly important, given the unique nature of tax evasion cases. As I noted in my briefs, and as the Supreme Court noted in Cheek, tax evasion is a particular animal in criminal law. It's not like, the general rule is, in a criminal case, that ignorance of the law is not a defense. However, Congress, because it recognized the tax statutes and regulations, are particularly bedeviling, even to someone like an attorney, who's supposed to have some sort of superior knowledge. Let me ask you about that. What is the particular complex tax issue present here that would give rise to discretionary instruction? The misunderstanding in this case was that he did not realize that it would be evasive behavior to open up an account to use to pay for his operating expenses while he was trying to settle with the government. But where in the tax code is there the confusion? I understand the theory behind the extra. And as I understand, the pattern of instruction says may be given under certain circumstances. Yes, Your Honor. But doesn't that contemplate a complex issue in the tax code itself that lawyers sometimes fence about? And if that's the case, where is it in this case? It seems to me this is equivalent to a garden variety fraud case. He admitted he owed the taxes. Yes. The question was, was he going to use his assets to pay the taxes? So how is that different than a garden variety fraud case? I admit, Your Honor, that this is a little bit of a different animal for a good faith argument. He admitted throughout the trial, yes, I knew I owed these taxes. And yes, I was trying to figure out a way to pay for them. And really, his misunderstanding was about, related to, is this evasive or fraudulent behavior? Correct, Your Honor. It didn't actually relate to a misunderstanding about the tax code. If there are no further questions, I will just reserve the rest of your time. Thank you, Your Honor. Good morning. May it please the Court. William Reed for the United States. The issue in this case, Your Honor, is whether or not the defendant was entitled to this optional good faith jury instruction. The law is. What makes you say optional? Thank you, Your Honor. Your Honor, the pattern jury instruction, which is predicated upon the law of the circuit, the case United States v. Hickey, I believe. Are you relying on the model jury instruction? Yes, Your Honor. If the model jury instruction is incorrect, that would be the end of your argument. Yes, Your Honor, I'd have to concede that. But the model jury instruction, I would argue, is based upon case law to support that instruction. And I cite the case, it's United States v. Hickey. That's not a tax case, is it? It is not, Your Honor. It's a fraud case. However, this Court. We would be governed by Cheek, which is the United States Supreme Court case on taxes. Yes, Your Honor. Definition of willfulness is from United States v. Cheek. And that is what governs, as far as the mental state that the government is required to prove beyond a reasonable doubt. And this Court has said that the willfulness instruction in and of itself is sufficient without the optional good faith jury instruction, because. It's not a tax fraud case. Well, the jury instruction that we're talking about, 9.42, is a tax case. We keep shifting between a model committee instruction and the United States Supreme Court statement of the law. Which the United States Supreme Court just gives the definition in Cheek case as to willfulness. And if the government proves willfulness, that is, that the individual knows they have a duty imposed by law, that they, and they knowingly, involuntarily violate that duty. Intentionally is the word. Intentionally, involuntarily. Intentionally, excuse me, Your Honor. Violate that duty. That is sufficient. It's implicit that they didn't have good faith in the law. In violating the law. So that's the basis for the theory. How do you define the specific issue before us today? Thank you, Your Honor. The specific issue is whether or not the district court was required to give this optional good faith instruction based upon the law in this circuit, the evidence before the court. The district court did on its own, sui sponte. You have considerable debate, the record shows, as to whether or not the optional instruction should be given. So that's the specific issue, is whether or not. Can we have to also consider whether each side can argue its theory of the case using instructions that are given? Absolutely, Your Honor. The government would concede that. But the instruction. Could he argue his side of the case based on the instructions that were given? Yes, Your Honor. But in this case, the defendant didn't, the government's position is the defendant didn't even assert, specifically assert, a good faith, an argument for a good faith jury instruction. It was this instruction where he proposed having the jury determine whether or not his opening this nominee bank account in Montana, whether or not that was for the purpose of evading taxes or trying to run his law business. But didn't they abandon that? And when they got to the final discussion on jury instructions, they were talking in kind of nebulous but gentle terms about a good faith instruction. Your Honor, the district court was, I think the district court, it's not exactly clear, as Your Honor suggests, I think the district court did grasp the issue. But it is nebulous, and it's not exactly clear what the discussion focused on. The district court talked about good faith. Mr. Christofferson, there was never any mention of the term good faith or the pattern jury instruction. At one point, the district court, I believe, asked Mr. Christofferson's attorney, I assume you want it, and he did say yes. But it's really unclear. They did use the word good faith, though, didn't they? The district court did. It's page 40 to 44 of the transcript in what the discussion was about. And he said he allowed the evidence in. Yes, Your Honor. I'm not sure that the defendant actually used Mr. Christofferson's attorney used the word good faith. The district court did use the term good faith, actually. And he said that the issue was whether the good faith instruction was appropriate. Yes, Your Honor. The optional good faith instruction. Well, I know you'd like to keep calling it optional. Yes, sir. That's really the question. Yes, sir. You're right that the Ninth Circuit model jury instruction is what you say it is and says it's optional. But you know, Ninth Circuit's not always right, particularly our committees. I didn't want to make that statement. For me, that's for you. I believe I will move to the next sub-issue rather than address that directly. I think the circuit is correct, though, in terms of the legal premise that willfully, the definition of willfully that comes from Cheek, contemplates and absorbs any good faith concept. If you know you have a duty and you voluntarily and intentionally violate that duty under Cheek, it's inconsistent with having a good faith misunderstanding of the law. And that's the way this Court has interpreted that. What you're saying is that in the Cheek case, they said the standard instruction that came from Pompano, which was existence of a duty, knowledge of that duty, and an intentional voluntary violation is sufficient. Yes, Your Honor. And I thought, as I read the case, that the good faith, additional good faith statement, is subsumed in that. Because as the Supreme Court pointed out, you can't know of the existence of the duty and in good faith say you don't know the existence of the duty or you don't understand the duty. Yes, Your Honor. I would agree exactly. That's the way I understand the Cheek case and this Court's interpretation of it in the willfulness instruction in tax and fraud cases. And didn't the Supreme Court say they went through the history of the intent statute, how that was different than the assumption that everybody knew what the law was. And then they concluded that after instructing the jury on willfulness, quote, an additional instruction on good faith was unnecessary. Isn't that what the Cheek case says? Your Honor, I agree. That's what it says. The latter language, Your Honor quoted, I'm not exactly familiar with that. But I'm familiar with this Court's interpretation and implementation of that language through the Hickey case, the pattern jury instructions, and other cases as well. That it subsumes, the willfulness definition subsumes any good faith argument or theory that a defendant might have. So I agree with that, Your Honor, exactly. Unless there are any additional questions, I'll submit it. Well, let me ask one question. Do you agree that we should consider the merits of this case and that the issue of whether the additional instruction should have been given is properly before the Court? Yes, Your Honor, it is properly before the Court. The question is whether it's plain error or use of discretion, Your Honor, as Ms. Schell posited. Unless there are any additional questions, I respectfully submit it to the Court. Thank you, counsel. Thank you, Your Honor. Do you have any rebuttal? Yes, Your Honor. Very briefly, Your Honor. Ms. Schell, I have this question. Sure. Where does it say in Cheek that an additional instruction is required other than the statement that the willful requirement is sufficient, that being defined as a voluntary intentional violation of a known legal duty? Where does it say more is required? Your Honor, my position has never been that it is required. So you agree the Supreme Court does not require it in any case, including tax cases? It does not, Your Honor. However, when a defendant requests a good faith instruction and there is sufficient evidence to support that instruction, particularly when it goes to the theory of defense as it did here, then he is entitled to that instruction. Where does it say that in Cheek? It does not say that in Cheek, Your Honor. The heart of the issue in Cheek was the jury there was actually instructed on good faith. However, what the court instructed the jury in Cheek was that it had to be a reasonable belief. That's how I read Cheek. The whole issue was whether they took the issue away from the jury by saying it had to be an objective reasonableness as opposed to a subjective reasonableness. And the Supreme Court said that's violating his right to a trial by jury. Yes, Your Honor. The other discussion, which is kind of historical discussion about the intent that's required for an intentional crime, a specific intent crime. So I do not read Cheek to say that it's required, that this additional instruction is required, in addition to the willfulness. I'm asking you to tell me where I'm missing something here. I've read Cheek 100 times. Your Honor, you could look at it 100 times and not find it. And that is not our position in this case. Our position is that in this case, there was sufficient evidence put forth by Mr. Christofferson that his evasive behavior had some sort of good faith explanation. And because he was able to put that forth, because this was his theory of defense, that he didn't understand that what he was doing was in violation of the law. But the instruction was given, you have to know the existence of the duty. So how can you know the existence of the duty and not know the law? See, that's a conundrum I have here. It seems to me that is all subsumed in the main instruction, the one that was given here, willfulness. Your Honor, I think that what is important to look at is what this Ninth Circuit's case law says about a theory of defense instruction. And that's what this was, was a theory of defense instruction. And what the circuit says that this is a defense that your client has to prove with good faith? In this case, Your Honor, the government's burden is to, the government here bears the burden of negating the idea that he was acting with malicious intent, that there was some sort of bad intent in this case. But that's really, in this case, it really is his theory of defense. And that's exactly what Mr. Christofferson's prior counsel said. Our whole theory is about, this was about, I didn't understand what my duty was. So what do you want us to do? You want us to send it back for a new trial with proper instruction? That's what you're asking? Yes, Your Honor. That is the relief that we're requesting in this case. If there are no further questions, Your Honor. Thank you, counsel. Thank you. The case is arguably submitted.
judges: Huck, Farris, Reinhardt